UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH L. ARRINGTON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:20-CV-791-RLM-MGG |

OPINION AND ORDER

Joseph L. Arrington, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for two counts of dealing in cocaine under Cause No. 02D04-1511-F4-89. On February 28, 2020, after a trial, the Allen Superior Court sentenced Mr. Arrington to twelve years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Id. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Id. In his petition, Mr.

Arrington indicates that, on direct appeal, he did not present some of his claims to the Court of Appeals of Indiana, and that he didn't present any of his claims in a petition to transfer his case to the Indiana Supreme Court. The Court of Appeals of Indiana affirmed his conviction on August 31, 2020, which means that his deadline to file a petition for transfer expired on October 22, 2020. Ind. R. App. 57C ("A Petition to Transfer shall be filed no later than forty-five (45) days after the adverse decision if rehearing was not sought."). Mr. Arrington's claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in State court. Murray v. Carrier, 477 U.S. 478, 492 (1986).

A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt." House v. Bell, 547 U.S. at 536–537. In this context, the court may consider evidence only if it is reliable and wasn't presented at trial. Gladney v. Pollard, 799 F.3d 889, 898 (7th Cir. 2015).

Mr. Arrington doesn't argue that any external factors kept him from pursuing his claims at each level of State court. While he maintains that he is innocent, he doesn't assert actual innocence as an excuse to procedural default, nor does he describe new evidence that would likely prevent a reasonable juror from concluding that he was guilty of dealing in cocaine. Consequently, Mr. Arrington offers no basis to suggest that he can overcome procedural default.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of today's procedural ruling or for encouraging Mr. Arrington to continue pursuing his claims in federal court.

For these reasons, the court:

(1) DISMISSES the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are procedurally defaulted;

(2) DENIES Joseph L. Arrington a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 30, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
